Silvia **CRUZ–HERRERA,** Petitioner,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 05–71394.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Filed Aug. 2, 2006.

Sarnata Reynolds, Berkeley, CA, for Petitioner.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Carl H. McIntyre, Jr., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS and THOMAS, Circuit Judges.

MEMORANDUM **

Silvia Cruz–Herrera, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming without opinion an immigration judge's ("IJ") decision denying her application for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings. *See Sanchez–Cruz v. INS*, 255 F.3d 775, 779 (9th Cir. 2001). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the IJ's discretionary determination that Cruz–Herrera failed to show exceptional and extremely unusual hardship. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 929 (9th Cir.2005).

Cruz–Herrera's contention that the IJ deprived her of due process by failing to consider all the hardship factors in her case does not state a colorable due process claim. *See id.* at 930 ("[t]raditional abuse

---

of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.")

We lack jurisdiction to review Cruz–Herrera's contention that the IJ violated due process by failing to consider her testimony and by minimizing a doctor's testimony regarding her child's dental needs because she failed to raise these issues before the BIA and thereby failed to exhaust her administrative remedies. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (explaining that this court lacks jurisdiction to review contentions not raised before the agency).

Cruz–Herrera contends the IJ violated due process by overlooking the lack of proof that orthodontic facilities are available in Mexico. Contrary to Cruz–Herrera's contention, the proceedings were not "so fundamentally unfair that [she] was prevented from reasonably presenting [her] case." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (citation omitted). Moreover, Cruz–Herrera failed to demonstrate that additional testimony would have affected the outcome of the proceedings. *See id.* (requiring prejudice to prevail on a due process challenge).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.